# IN THE COURT OF APPEALS OF IOWA

---

No. 24-2057
Filed March 11, 2026

---

**State of Iowa,**
Plaintiff–Appellee,
v.
**Kasmino Moses,**
Defendant–Appellant.

---

Appeal from the Iowa District Court for Marshall County,
The Honorable Jennifer Miller (trial), and The Honorable Kathryn E.
Austin (sentencing), Judges.

---

**AFFIRMED**

---

Christopher A. Clausen of Clausen Law Office, Ames, attorney for
appellant.

Brenna Bird, Attorney General, Anagha Dixit (until withdrawal) and
Nicholas E. Siefert, Assistant Attorneys General, attorneys for appellee.

---

Considered without oral argument
by Schumacher, P.J., Chicchelly, J., and Vogel, S.J.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

A Marshall County jury found Kasmino Moses guilty of trespass and assault with intent to commit sexual abuse following an incident in the early morning hours of January 1, 2024, in which Moses entered a home through an unlocked door, found eighteen-year-old A.W. asleep on the couch, and laid on top of her while taking off her shorts and underwear. A.W. woke up, frightened, and Moses said, "Shh. It's okay." A.W. told Moses to "get off," and she got up to alert her mother and stepfather. Meanwhile, a neighbor called 911 after noticing Moses going door-to-door trying to enter residences. Police apprehended Moses from A.W.'s home shortly thereafter.

On appeal, Moses challenges his assault conviction and the sentences imposed by the district court. Upon our review, we affirm.

## I.     Assault with Intent to Commit Sexual Abuse

Moses challenges his conviction for assault with intent to commit sexual abuse, but it is unclear as to the type of argument he is making. He argues the weight of the evidence does not support the jury's verdict, but he cites a sufficiency-of-the-evidence standard for his error-preservation and standard-of-review statements, and he "requests the Court enter an order reversing his conviction, or granting him a new trial."

Insofar as his claim is a weight-of-the-evidence challenge, it is not preserved for our review because Moses did not file a motion for a new trial. *See State v. Demaris*, No. 03-0979, 2004 WL 1159782, at *1 (Iowa Ct. App. May 26, 2004) (finding the defendant's weight-of-the-evidence challenge was not preserved following a bench trial because he failed to file a motion for new trial (citing *State v. Ellis*, 578 N.W.2d 655 (Iowa 1998))). We therefore view Moses's claim as only a challenge to the sufficiency of the

evidence. *See State v. Randel*, No. 24-1077, 2025 WL 2233428, at *3 n.2 (Iowa Ct. App. Aug. 6, 2025) ("When a defendant proceeds to trial and is convicted of a crime, the 'trial itself raises the issue of the sufficiency of the evidence, and the verdict is the decision on the issue.'" (quoting *State v. Crawford*, 972 N.W.2d 189, 198 (Iowa 2022))); *see also State v. Trane*, 934 N.W.2d 447, 455 (Iowa 2019) (setting forth our standard of review).

The jury was instructed the State had to prove the following elements of assault with intent to commit sexual abuse:

> 1. On or about the 1st day of January, 2024, the defendant with the apparent ability to act, did an act which was intended to:
>
> a. cause pain or injury to [A.W.]; or
>
> b. result in physical contact with [A.W.] which was insulting or offensive; or
>
> c. place [A.W.] in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive
>
> 2. The defendant did so with the specific intent to commit a sex act by force or against the will of [A.W.]

Moses challenges the second element—that he did an act with the intent of committing a sex act by force or against A.W.'s will. Specifically, Moses claims that after A.W. told him "No," he laid beside her on her couch. According to Moses, "It may seem strange to lay down next to her after that comment," but "no meant no and he respected her decision." But the jury also heard A.W.'s testimony that she "remember[ed] waking up and seeing him on top of me, pulling my pants and underwear off." She had never seen Moses before and she was scared. A.W. testified Moses was touching her "bottom half" under her clothes.

Even though Moses testified he "did not touch [A.W.] in any way," it was the jury's duty to decide what testimony to believe. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive."). From the totality of the evidence, a reasonable jury could infer Moses intended to commit a sex act by force or against A.W.'s will. Substantial evidence supports his conviction.

## II.    Sentencing

Moses claims the district court abused its discretion in imposing a term of incarceration "without any portion of the sentences being suspended." Moses acknowledges "[t]he sentence is not a sentence which exceeded the statutory maximum sentence," but he maintains "the Court failed to give adequate reasons for ordering the sentence of incarceration."

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Here, the court explained the imposition of incarceration as follows:

> Regardless, Mr. Moses, of your drinking on the date in question, your behavior was completely unacceptable. Coming into someone's home where they are meant to feel safe is one of the biggest violations of personal liberty that there is, and it creates scars that will follow victims for the rest of their lives. And I find the classification of this behavior or the writing off of this behavior as merely a cultural approach to courting to be highly offensive on more than one level.
>
> I have determined the sentence because I believe that it best protects the community from further offenses as well as provides for the defendant's rehabilitation in the safest way possible.

We find no abuse of the court's sentencing discretion. Rehabilitation of the defendant, the protection of the community, and the nature of offenses are proper sentencing considerations. *See* Iowa Code § 901.5 (2024).

**AFFIRMED.**